## CIRCUIT COURT OF LOUDOUN COUNTY

Shirley J. Harris,
t/a S. J. Harris Hauling & Co.

v.

CMANE Beaumeade
Limited Partnership et al.

July 23, 1990

Case No. (Chancery) 12564

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Demurrers of CMANE Beaumeade Limited Partnership ("CMANE") and David E. Harvey Builders, Inc., d/b/a Harvey-Cleary Engineers & Builders ("Harvey-Cleary") to the Amended Petition to Enforce Mechanic's Lien filed herein by Shirley J. Harris, T/A S. J. Harris Hauling & Co. ("Harris"). The grounds of each Demurrer are the same as follows.

1. The Amended Petition fails to allege facts upon which relief can be granted against CMANE, as the owner, and Harvey-Cleary, as the general contractor, because the lien was released "pursuant to Va. Code § 43-70" and Harris must look to the bond for any claim herein. Actually, it appears that the mechanic's lien was bonded off under Code § 43-71 by decree entered January 24, 1990, in Chancery No. 12396.

2. The notice required by § 43-11 for personal liability on CMANE and Harvey-Cleary is insufficient.

For the reasons hereinafter set forth, the Demurrers are overruled.

At oral argument on July 6, 1990, Mr. Cerick specifically stated that he is not seeking to impose personal

liability on CMANE and Harvey-Cleary. Therefore, the second ground is moot.

As to the first ground, I have previously held in *Mark Hunt, t/a Yukon Electrical Sub-Contractors v. Eastbridge Electric, Inc., et al.* (Loudoun Circuit Court, Chancery No. 11431, Opinion Letter dated December 6, 1989) that the owner is a necessary party to a proceeding to enforce a mechanic's lien even if the lien was bonded off under § 43-70 (release of mechanic's lien upon payment into court or filing of bond after suit brought). Here the mechanic's lien was bonded off before the present suit was brought.

Under § 43-71 upon the filing of the bond, the property stood released from the mechanic's lien. The bond is "subject to the final judgment of the court adjudicating the lien or liens to be valid and determining the amount for which the same *would have been enforceable against the real estate* in any suit or action thereafter brought . . ." (Emphasis mine.) A mechanic's lien is purely a statutory creation, and any question as to the existence, perfection, and enforcement thereof must be resolved by a strict construction of the statutes. No one would question the need for the owner to be a party if the land had not been released from the lien. The Court still has to make the same findings as to the validity and amount for which the lien is enforceable even if the land has been released. I am still of the opinion that the owner and the general contractor are necessary parties even if the lien has been bonded off. They must have notice and are entitled to participate in the suit.

Let Mr. Cerick prepare a decree overruling the Demurrer to which Mr. Hoffman may note his exception. CMANE and Harvey-Cleary may file their answers, if they have not already done so, as allowed by Rule 2:12.